UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KENNETH GAYNOR, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>DELOY MILLER, et al.,<br><br>Defendants. | ) | No.: 3:15-CV-545-TAV-CCS |
| MARCIA GOLDBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOY MILLER, et al.,<br><br>Defendants. | ) | No.: 3:15-CV-546-TAV-CCS |

**MEMORANDUM AND ORDER**

This civil action is before the Court on plaintiffs' motions to remand [3:15-cv-545 ("*Gaynor*") [Doc. 29]; 3:15-cv-546 ("*Goldberg*") [Doc. 32]. Defendants filed responses in opposition [*Gaynor* Docs. 42, 43, 45; *Goldberg* Docs. 43, 44, 45], and plaintiffs replied [*Gaynor* Doc. 50; *Goldberg* Doc. 51].[1] After careful consideration of the motions and relevant law, the Court will deny plaintiffs' motions.[2]

[1] As the motions, responses, and replies are identical in both *Gaynor* and *Goldberg*, for ease of reference the Court will cite exclusively to the documents filed in *Gaynor*.

## I. Background

Plaintiffs are shareholders in Miller Energy Resources, Inc. ("Miller"), and originally filed this suit against defendants in the Morgan County Circuit Court [Doc. 1 p. 2]. Plaintiffs allege, among other things, that Miller's registration statement and prospectuses issued in connection with the public offerings of Miller's 10.75% Series C Preferred Cumulative Stock and 10.5% Series D Fixed Rate/Floating Rate Cumulative Redeemable Preferred Stock violated Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o (the "Securities Act") [Doc. 29 pp. 8–9]. *Goldberg* and *Gaynor* defendants MLV & Co., LLC; Aegis Capital Corp.; Northland Capital Markets; and Ladenburg Thalmann Financial Services, Inc.; and *Goldberg* defendant Williams Financial Group, joined in removing this action on the basis of federal question jurisdiction [Doc. 1]. All defendants except one have been served and consent to the removal [Doc. 61].[3] Plaintiffs now move to remand the case back to the Morgan County Circuit Court [Docs. 29, 50].

---

[2] Defendants requested oral argument in their response to plaintiffs' motion [Doc. 43]. The Court considers requests for oral argument on a case-by-case basis, and upon review of the record, the Court finds that oral argument is not needed.

[3] Plaintiffs have moved to have defendant Gerald Hannahs deemed served, or alternatively, for an extension of time in which to serve him [Doc. 54]. This motion was referred to Magistrate Judge Shirley, and is being held in abeyance pending resolution of the instant motion to remand [Doc. 71]. Hannah's counsel has stated that he has not yet been served, but does consent to this action being removed [Doc. 61]. Defendant David J. Voyticky was served on March 2, 2016 [Doc. 52]. Defendants inform the Court that Voyticky agrees this case should remain in federal court [Doc. 58 p. 2]. The Court finds this notice is sufficient to demonstrate their consent to removal. *See, e.g.*, *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (stating that any attorney of record may represent to the court that any defendant consents to removal, as that attorney is bound by Federal Rule of Civil Procedure 11).

## II. Standard of Review

When a plaintiff files a case in state court, a defendant may remove it to federal court, so long as certain criteria are met. Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States[.]" 28 U.S.C. § 1441(a). Federal courts, however, have limited original jurisdiction—"[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250 (6th Cir. 2011) (omission in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

As a general matter, "an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." *Jefferson Cnty. v Acker*, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)). A federal court has original subject matter jurisdiction over two types of actions: (1) those actions raising a federal question, pursuant to 28 U.S.C. § 1331; and (2) those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal-question

jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint." *Acker*, 527 U.S. at 430–31 (citation omitted).

The party removing an action to federal court has the burden of showing that the federal jurisdictional requirements are satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993). If the court determines that the removing party has met this burden, then the court should not remand the case back to state court.

## III. Analysis

Plaintiffs maintain that this case should be remanded to state court because: (1) not all defendants timely consented to the removal; and (2) this Court lacks jurisdiction because plaintiffs' claims are expressly exempted from the preemption and removal provisions of the Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, 112 Stat. 3227 ("SLUSA") [Docs. 29, 50]. In response, defendants claim: (1) all defendants who have been served have consented to removal; and (2) this Court has jurisdiction because plaintiffs' complaints allege solely federal claims, and SLUSA grants federal courts exclusive jurisdiction over securities class actions alleging federal claims. [Doc. 42]. The Court will analyze these arguments in turn.

### A. Consent to Removal

Plaintiffs first maintain that removal to this Court is facially defective, as defendants allegedly failed to follow the "rule of unanimity" in 28 U.S.C. § 1446(b)(2)(A). Under 28 U.S.C. § 1446(b), a civil action must be removed within thirty

days of the defendant receiving summons or notice that the case is removable. 28 U.S.C. § 1446(b). It then provides that:

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b).

Plaintiffs maintain that the 2011 amendments to 28 U.S.C. § 1446 codified the Sixth Circuit's unanimity rule from *Loftis v. United Parcel Service*, 342 F.3d 509, 516 (6th Cir. 2003). They submit that, pursuant to *Loftis*, all defendants must join in the removal of an action, or file their consent to removal, within thirty days of receipt of a summons when the complaint demonstrates that the case is removable, or notice of removal [Docs. 29 pp. 10–11; 50 pp. 8–12]. According to plaintiffs, as defendants Scott M. Boruff, Voyticky, Catherine A. Rector, David M. Hall, Merrill A. McPeak, Charles M. Stivers, Bob G. Gower, William B. Richardson, Marceau N. Schlumberger, and Paul W. Boyd did not file their consent to removal within thirty days of this case being

removed, removal to this Court violates the *Loftis* thirty-day rule, and remand is mandated [*Id.*].

Defendants, on the other hand, submit that all defendants who have been properly served have joined in or consented to the removal [Docs. 42 p. 13; 43 p. 7]. According to defendants, the 2011 amendments to 28 U.S.C. § 1446 codified the *Loftis* unanimity rule, but did not codify the thirty-day time period in which earlier-served defendants must consent to removal [Docs. 42 p. 13; 43 p. 7]. Defendants argue that plaintiffs cite to outdated law that a defendant's consent is untimely if filed more than thirty days after that defendant's receipt of summons [Doc. 43 p. 8]. Instead, 28 U.S.C. § 1446(b) does not have a timing requirement associated with consenting to removal [*Id.*]. Defendants also state that, considering the number of different defendants involved, how at least one defendant has not yet been served, and the lack of evidence of prejudice to plaintiff, consent should not be considered "untimely" [*Id.*].

*Goldberg* and *Gaynor* defendants MLV & Co., LLC; Aegis Capital Corp.; Northland Capital Markets; and Ladenburg Thalmann Financial Services, Inc.; and *Goldberg* defendant Williams Financial Group, joined in removing this action on December 9, 2015 [Doc. 1]. These defendants were served between November 20 and November 23, 2015, and thus they properly removed this civil action within thirty days of

receipt of summons, in compliance with 28 U.S.C. § 1446(b)(2)(B).[4] The notice of removal also noted the consent to removal by Williams Financial Group; Maxim Group, LLC; National Securities Corporation; Dominick & Dominick, LLC; and I-Bankers Securities, Inc. [Doc. 1 ¶¶ 5–6], which the Court finds satisfies the consent requirements of 28 U.S.C. § 1446(b)(2)(A) and (C) as to those defendants.

Defendants Boruff, Rector, McPeak, Stivers, Gower, Richardson, and Boyd were served prior to November 23, 2015. These defendants therefore qualify as "earlier-served" defendants, who must consent to removal by the later-served defendants, pursuant to § 1446(b)(2)(C). These "earlier-served" defendants all filed their consents to removal, the latest being eight days past the alleged thirty-day timeframe for consenting [Docs. 24, 31, 32, 37].[5] Hall, Leary, and Schlumberger were all served after November 23, 2015, but prior to the notice of removal. Even if they were to qualify as "earlier-served" defendants, they also filed their consents to removal [Doc. 37]. Furthermore, all remaining defendants who were served after removal have also consented to removal, though not required by statute [Docs. 37, 52, 58; *see supra* p. 2 n.3].

Upon review of 28 U.S.C. § 1446 and the relevant case law, the Court finds that defendants did not violate the rule of unanimity in removing this action. There may be some disagreement among courts as to whether the 2011 amendments codified the *Loftis*

[4] When the docket in this case was unclear as to when a defendant was served, the Court contacted the Morgan County Circuit Court in order to determine the exact date.

[5] The text of Document 37 notes that Stivers consents to removal [Doc. 37].

requirement that earlier-served defendants must consent to removal within thirty days of removal.[6] This Court finds, however, that the plain reading of § 1446(b)(2)(C) does not require such consent to be filed within thirty days, unlike other provisions in § 1446(b). *See, e.g.*, 28 U.S.C. § 1446(b)(2)(B) (requiring defendants to file a notice of removal within thirty days of receiving service of the initial pleading or summons); *see also Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (noting that the 2011 amendments to § 1446 "did not describe the form of or time frame for consent when multiple defendants are involved" unlike the detailed procedures for notice of removal). Thus, while the 2011 amendments codified the unanimity rule from *Loftis*, this Court finds they did not codify the requirement that earlier-served defendants must consent to removal within thirty days of removal.

Even if the earlier-served defendants were required to consent within thirty days of removal under *Loftis* in order for the removal to be proper, the Court finds that plaintiffs

---

[6] Other district courts in the Sixth Circuit have followed the *Loftis* rule to the extent that it requires consent to be unanimous. *See, e.g.*, *Polston v. Millennium Outdoors, LLC*, No. 6:16-CV-16-KKC, 2016 WL 2930931, at *1 (E.D. Ky. May 19, 2016); *Smith v. Delta Funding Corp.*, No. 15-CV-13387, 2015 WL 7770658, at *2 (E.D. Mich. Dec. 3, 2015); *CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-CV-680, 2014 WL 1217971, at *2 (S.D. Ohio Mar. 21, 2014); *US Bank Nat. Ass'n v. Kuehn*, No. 3:11-CV-39, 2012 WL 1023362, at *2 (E.D. Tenn. Mar. 26, 2012).

This Court has not found—and plaintiffs do not cite to—applicable cases from this Circuit that have prohibited removal under the thirty-day consent timeframe from *Loftis*. Some cases cite to *Lindon v. Kakavand*, No. 5:13-26-DCR, 2013 WL 5441981, at *4 (E.D. Ky. Sept. 27, 2013) for the proposition that "failure of all defendants who have been served to join in the removal or file a written consent within 30 days creates a defect in removal procedure[.]" *See, e.g.*, *Simeon v. Kentucky Dep't of Corr.*, No. 3:15-CV-780-DJH, 2015 WL 9307328, at *3 (W.D. Ky. Dec. 21, 2015); *Columbus Equip. Co. v. RKJ Enters., LLC*, No. 5:14-CV-2389, 2015 WL 5023059, at *3 (N.D. Ohio Aug. 24, 2015). The Court notes, however, that in *Lindon*, the court stated that failure of all defendants to join in or consent to removal is a defect in the removal process under *Loftis*, but did not state that the thirty-day rule for consent applied. *Lindon*, 2013 WL 5441981, at *4.

have neither claimed nor presented any evidence of prejudice to receiving consent to removal eight days past this deadline. *See Lewis v. Almeida*, No. 3:13-CV-675-TAV-CCS, 2014 WL 2718899, at *3 (E.D. Tenn. June 16, 2014) ("To the extent plaintiffs argue that several of the defendants' consents to removal were untimely filed, the Court does not find this to be adequate grounds to remand the case, as plaintiffs have neither claimed nor presented any evidence of prejudice."); *see also Baker v. JP Morgan Chase Bank, N.A.*, Civil No. 3:12–1222, 2013 WL 5331136, at *3 (M.D. Tenn. Sept. 23, 2013) (finding argument that removal was defective absent consent from all parties was "meritless" where plaintiff had not shown prejudice). Accordingly, the Court finds that removal to this Court did not violate 28 U.S.C. § 1446 or the unanimity requirement.

**B. Jurisdiction under SLUSA**

The Court now turns to whether the Securities Act, as amended by SLUSA, explicitly bars removing this suit to federal court. The Securities Act "is subject to a complicated removal scheme, the interpretation of which has divided federal and state courts." *Hung v. Idreamsky Tech. Ltd.*, No. 15-CV-2514 (JPO), 2016 WL 299034, at *1 (S.D.N.Y. Jan. 25, 2016). The Securities Act provides state and federal courts concurrent jurisdiction over claims asserted under the Act. *Parker v. Nat'l City Corp.*, No. 1:08 NC 70012, 2009 WL 9152972, at *2 (N.D. Ohio Feb. 12, 2009). Prior to the enactment of SLUSA, it also contained an "anti-removal" provision, however, that prohibited removing Securities Act claims that were brought in state court. *Id.*

The Private Securities Litigation Reform Act of 1995, 109 Stat. 737 ("PSLRA") was enacted in order to curtail "perceived abuses of the class-action vehicle in litigation involving nationally traded securities" by imposing a heightened pleading standard on plaintiffs in federal court. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636–37 (2006) (citing *Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Dabit*, 547 U.S. 71, 81 (2006) (hereinafter "*Merrill Lynch*")). In response to the PSLRA's heightened pleading standard in federal court, plaintiffs began bringing class action suits in state court under state law. *Id.* (citing *Merrill Lynch*, 547 U.S. at 81–82). Congress thereafter enacted SLUSA to "block this bypass[.]" *Id.*

SLUSA amended the jurisdictional provision of the PSLRA, § 77v(a), to provide:

> The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter . . . concurrent with State and Territorial courts, *except as provided in section 77p with respect to covered class actions*, of all suits . . . brought to enforce any liability or duty created by this subchapter.

*Buelow v. Alibaba Grp. Holding Ltd.*, No. 15-CV-05179-BLF, 2016 WL 234159, at *2 (N.D. Cal. Jan. 20, 2016) (citing 15 U.S.C. § 77v(a)). It also amended the anti-removal provision of § 77v(a), to provide:

> *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

*Id.* The arguments presently before the Court center on whether the Morgan County Circuit Court is a "[s]tate court of competent jurisdiction[,]" as mentioned in § 77v(a)'s anti-removal provision, thereby prohibiting removal of this action to federal court.

Section 77p(c), which was added by SLUSA, is a removal provision that provides:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b) of this section, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section.

*Kircher*, 547 U.S. at 636 n.2 (citing 15 U.S.C. § 77p(c)). Subsection (b), also added by SLUSA, is a preclusion provision that provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

*Id.* (citing 15 U.S.C. § 77p(b)). The Supreme Court has stated that the "removal jurisdiction under subsection (c) is . . . restricted to . . . actions defined by subsection (b)." *Id.* at 643–44. Subsections (b) and (c) therefore operate together "to allow removal, followed by dismissal, of certain state class actions." *Hung*, 2016 WL 29903, at *1 (citing *Kircher*, 547 U.S. at 642–44).

SLUSA also added a definitions section that defines "covered class action" as "any single lawsuit in which (I) damages are sought on behalf of more than 50 persons or prospective class members . . . or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 77p(f)(2)(A); *Buelow*, 2016 WL 234159, at *2.

These amendments have "divided federal district courts on the question of whether covered class actions based exclusively on federal law can be removed to federal court." *Fortunato v. Akebia Therapeutics, Inc.*, No. CV 15-13501-PBS, 2016 WL 1734073, at *2 (D. Mass. Apr. 29, 2016).

The parties do not appear to dispute that this case meets § 77p(f)'s definition of a covered class action, and that it involves a covered security. The parties disagree, however, about whether state courts are courts of "competent jurisdiction" under the anti-removal provision of § 77(v)(a) [*see generally* Docs. 29, 42, 43, 44, 50]. If they are, covered class actions filed in state court based exclusively on federal law—like the one at issue in this case—would be subject to the removal bar in that section, and could not be removed to federal court. As this statute is complex and there is case law to support both respective interpretations, the Court will review each position in turn.

Section 77v(a)'s jurisdictional provision provides federal and state courts with concurrent jurisdiction over suits "brought to enforce any liability or duty created by" the Securities Act, "except as provided in section 77p with respect to covered class actions." 15 U.S.C. § 77v(a).

Defendants interpret this exception to provide, in essence, concurrent jurisdiction to federal and state courts, except over covered class actions as they are defined in § 77p. Section 77p(f) defines covered class actions, as noted above. "Under this reading, there is concurrent federal and state jurisdiction over individual Securities Act claims and certain group claims—such as a suit involving 30 persons—but not over 'covered'

Securities Act class claims[,]" as defined in § 77p, including those suits involving more than fifty people. *Hung*, 2016 WL 29903, at *2. As this involves a covered class action, under defendants' interpretation state courts do not possess jurisdiction over this case.

Defendants' interpretation also provides that § 77p(c)—the removal provision—references subsection (b) in order to "include[ ] state law class actions among the cases that may be removed," including those arising under federal law, but not to "limit removal to just those cases" [Doc. 43 p. 15 (citing *Alkow v. TXU Corp.*, No. 3:02-CV-2738-K, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003)]. The statute does so "merely to ensure that state-based class action claims are promptly dismissed upon removal" [*Id.*].

Turning to the anti-removal provision within § 77v(a), this section prohibits certain cases from being removed from state courts of competent jurisdiction to federal courts, except as provided in § 77p(c). Defendants focus on the term "[s]tate court of competent jurisdiction[,]" within this section [Doc. 43 pp. 14–16]. Under defendants' interpretation, the jurisdictional provision in § 77v(a) expressly deprives state courts of jurisdiction over covered class actions, as defined in § 77p(f), and thus any state court is not a "court of competent jurisdiction" to hear those cases [*Id.*]. As this case involves a covered class action, defendants maintain that the Morgan County Circuit Court is not a court of competent jurisdiction, and thus the anti-removal provision does not apply [*Id.*]. Rather, as the state court is not a court of competent jurisdiction, removal to federal court is mandated [*Id.* at 12].

Under this interpretation, the anti-removal provision acts solely to exempt additional cases, particularly those under 77p(b) and (c), from the anti-removal bar, thus permitting them to also be removed to federal court. The Supreme Court has stated that these cases involving state law are to be removed to federal court, and dismissed. *Kircher*, 547 U.S. at 644.

In sum, under defendants' view, federal courts possess exclusive jurisdiction over those cases involving "covered class actions" as defined in § 77p(f). As state courts do not have jurisdiction to hear these cases, the anti-removal bar does not apply to these cases. State courts also do not possess jurisdiction to hear causes of action alleging state law securities violations under the Securities Act. Those cases are to be removed to federal court, for the purpose of being dismissed.

Defendants submit this interpretation is most in line with the Supreme Court's *Kircher* decision [Doc. 43 pp. 16–18]. In *Kircher*, when analyzing whether federal courts have jurisdiction to hear a purely state law securities claim that was removed to federal court, the Supreme Court stated, in dicta: "[W]e read authorization for the removal in subsection (c), on which the District Court's jurisdiction depends, as confined to cases 'set forth in subsection (b),' § 77p(c), namely, those with claims of untruth, manipulation, and so on." *Kircher*, 547 U.S. at 642. Defendants maintain that their interpretation of SLUSA is consistent with this language [Doc. 43 pp. 16–18]. According to defendants, *Kircher* only involved state law claims brought in federal court, and the Supreme Court "remained silent on the question of whether class actions asserting only *federal* law

claims . . . are removable under SLUSA" [*Id.* at 17]. Defendants maintain that the Supreme Court was not analyzing § 77v(a), which provides federal courts with exclusive jurisdiction over covered class actions raising federal claims [*Id.*]. They submit that, accordingly, their interpretation of SLUSA is consistent with *Kircher*, as *Kircher* solely analyzed whether a different set of cases—those arising under § 77p(c), or state law—can also be removed in addition to those over which federal courts were already granted exclusive jurisdiction in § 77v(a) [*Id.*].

Additionally, defendants claim that the legislative history behind SLUSA also demonstrates that Congress intended for class actions asserting claims under the Securities Act to be litigated in federal court [*Id.* at 18–21]. According to defendants, the purpose behind SLUSA was to prevent state court litigation of class actions involving nationally traded securities [*Id.*]. They point to the House of Representatives' Commerce Committee Report, which notes that SLUSA "makes Federal court the exclusive venue for most securities class actions" and that class actions under a "covered security" would need to be "maintained pursuant to the provisions of Federal securities law, in Federal court" [*Id.* at 19 (citing H.R. Rep. No. 105-640, at 8 (1998))]. In sum, they argue that because this covered class action involves only federal law, the Securities Act should be interpreted to provide federal courts with jurisdiction to hear it.

Plaintiffs agree that §§ 77p(b) and (c) remove jurisdiction in both state and federal court for covered class action suits brought under state law, and that those suits are removable to federal court to be dismissed [Doc. 29 p. 13 (citing *Kircher*, 547 U.S. at

643)]. The difference in interpretation between plaintiffs and defendants stems from the jurisdictional and anti-removal provisions in § 77v(a). According to plaintiffs, the jurisdictional provision provides that federal and state courts have concurrent jurisdiction over Securities Act cases, except as provided in those provisions of § 77p that pertain to covered class actions [*Id.*]. The anti-removal provision states that no cases are removable, except for those provided for in § 77p. Plaintiffs then look to §§ 77p(b) and (c) to define the limitations of concurrent jurisdiction, and to define which cases are removable [*Id.*].

As §§ 77p(b) and (c) provide, in essence, that securities class actions brought in state court pursuant to state law are removable to federal court, plaintiffs' interpretation of §§ 77v(a), 77p(b) and (c) together provides that the only cases removable to federal court are covered class action suits brought in state court pursuant to state law [Doc. 29 p. 11]. *See, e.g.*, *Buelow*, 2016 WL 234159, at *2–3 (finding that "[t]he most straightforward reading of the provisions is that only covered class actions with state law claims can be removed to federal court, . . . and only for the purpose of dismissing the state law claims"). Plaintiffs do not limit § 77v(a)'s reference to "except as provided in section 77p with respect to covered class actions" as solely pointing to § 77p's definitional section of covered class actions [Doc. 29 p. 11]. Rather, they submit that this phrase also refers to those limitations spelled out in §§ 77p(b) and (c) with respect to covered class actions. Consequently, as plaintiffs' action is not based on state law and

only alleges violations under the Securities Act, removing this action is improper and remand is mandated [*Id.* at 12].

Plaintiffs submit that this interpretation is most in line with the Supreme Court's *Kircher* decision [*Id.* at 13]. They point to the Supreme Court's dicta in *Kircher*, and state that it provides that "only covered securities class actions asserting State statutory or common claims can be removed to federal court" [*Id.*]. They maintain that, as this case involves only federal law claims under the Securities Act, this case is "indisputably" within the Securities Act's anti-removal provision [*Id.* at 13 n.7].

Plaintiffs also note that their view is consistent with SLUSA's legislative history [*Id.* at 17–19]. They cite to the introduction of the Senate Committee Report, which states that the Committee was acting "to amend the Securities Act of 1933 and the Securities Exchange Act of 1934 to limit the conduct of securities class actions under state law" [Doc. 29 p. 17 (citing S. Rep. No. 105-182, at 1 (1998))]. The Senate Committee Report also provides that the goal was to prohibit class actions based on state law from being maintained in state or federal court [*Id.* (citing S. Rep. No. 105-182, at 1)]. Plaintiffs cite to a House of Representatives' Committee Report that contains similar language regarding the goal of prohibiting state law causes of action [*Id.* at 18 (citing H.R. Rep. No. 105-640, at 1 (1998))]. In sum, they argue that SLUSA's primary goal in its removal provision was to provide that state law claims should be removed to federal court—and no others.

The Court finds that there is support for both interpretations. *See, e.g.*, *Fortunato*, 2016 WL 1734073, at *4 ("Courts across the nation have come out both ways on this difficult, close question."). These provisions have divided district courts across the country. Many courts have found plaintiffs' interpretation to be straightforward reading, the most consistent with the Supreme Court's dicta in *Kircher*, and in alignment with the SLUSA's legislative history. *See, e.g.*, *Iron Workers Mid-South Pension Fund v. Terraform Glob., Inc.*, No. 15-cv-6328-BLF, 2016 WL 827374, at *3 (N.D. Cal. Mar. 3, 2016) (collecting cases); *Buelow*, 2016 WL 234159, at *3; *Rosenberg v. Cliffs Nat. Res., Inc.*, No. 1:14-cv-1531, 2015 WL 1534033, at *3 (N.D. Ohio Mar. 25, 2015).

The same is true, however, with courts that have agreed with defendants' interpretation. Many courts—including one in this district—have found defendants' reading of the statute to be the most logical, consistent with *Kircher*, and in alignment with the statute's legislative history. *See, e.g.*, *Hung*, 2016 WL 29903, at *2 (collecting cases); *Wunsch v. Am. Realty Capital Props.*, No. JFM-14-4007, 2015 WL 2183035 (D. Md. Apr. 14, 2015); *In re Fannie Mae 2008 Sec. Litig.*, No. 08-cv-7831, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004) ("Both the legislative history and common sense support the removability of class actions filed in state court asserting claims exclusively under the [Securities] Act.").

Upon review, this Court finds that defendants' interpretation is the most persuasive, and adopts that view. As an initial matter, the Sixth Circuit has provided that

when conducting statutory interpretation, courts must first look to the text of the statute to determine if the meaning is plain. *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 432 (6th Cir. 2012). If, however, the meaning is not plain, the Sixth Circuit has advised that "[i]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." *Id.* (citing *Lockhart v. Napolitano*, 573 F.3d 251, 261 (6th Cir. 2009)). The Court finds that the statute's text does not have a plain meaning. Under a natural reading of the text, both interpretations are plausible. This is further evidenced by the fact that courts around the country are divided on the issue. The Court also finds that plaintiffs' interpretation of SLUSA would produce "absurd" results, in that complaints alleging state and federal claims must be removed to federal court, but that those alleging solely federal claims *may not* be removed.

The Court finds that plaintiffs' interpretation would strip § 77v(a)'s jurisdictional provision—which provides federal courts with exclusive jurisdiction over covered class actions brought under the Securities Act—of all meaning, if "covered class actions" were to include only those covered state law causes of action in §§ 77p(c) and (b). Instead, the Court interprets §§ 77p(c) and (b) as merely highlighting a broader class of cases that are also removable to federal court, in addition to those brought under federal law—namely, those alleging state securities law claims. The Court finds this interpretation to be the most logical, plain meaning of the statute. It is also consistent with the Supreme Court's decision in *Kircher*, which merely defined whether a different subset of cases—those

arising under state law—may also be removed to federal court, in addition to those already in federal court due to its exclusive jurisdiction over federal securities law covered class actions. The Court notes this interpretation is also one that would not lead to absurd results.

Finally, as the briefing before this Court and "[a]s the split in the case law demonstrates, the legislative intent behind § 77v(a) is hard to understand." *Fortunato*, 2016 WL 1734073, at *5. There is no "unmistakable implication from the legislative history" that favors one side or the other. *Id.* As a result, the statute's legislative history did not influence the Court's interpretation in either direction.

In sum, the Court finds that the Morgan County Circuit Court lacks jurisdiction over this covered class action as the suit solely alleges federal claims, thereby preventing the circuit court from being a court of "competent jurisdiction" under § 77(v)a. Accordingly, §§ 77p(c) and (b)'s bar against removal does not apply to this case, and defendants properly removed this action to this Court.

## IV. Conclusion

For the reasons stated herein, the Court **DENIES** plaintiffs' motions to remand [*Gaynor* Doc. 29; *Goldberg* Doc. 32] in all respects.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE