**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TENNESSEE, KNOXVILLE DIVISION**

| | |
|---|---|
| KENNETH GAYNOR, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELOY MILLER, et al.<br><br>Defendants. | CASE NO. 3:15-cv-545-TAV-CCS<br><br>CLASS ACTION |

**FIRST AMENDED ANSWER TO**
**PLAINTIFFS' MASTER CONSOLIDATED COMPLAINT**

Defendants Deloy Miller, Charles M. Stivers, David M. Hall, Merrill A. McPeak, Don A. Turkleson, Marceau N. Schlumberger, Bob G. Gower, Joseph T. Leary, William B. Richardson, and Catherine Rector (the "Answering Defendants"), by their undersigned counsel, answer Plaintiffs' Master Consolidated Complaint ("Complaint") as follows:

1. Answering Defendants deny the allegations in paragraph 1, except admit that Plaintiffs purport to bring a putative class action, describe the nature of this action, and describe the claims asserted in the Complaint, two of which the Court has dismissed as to the Answering Defendants.

2. The Answering Defendants deny the allegations in paragraph 2, except admit upon information and belief that Miller Energy Resources, Inc. ("Miller Energy") filed for bankruptcy protection on or about October 1, 2015.

3. The Answering Defendants deny the allegations in paragraph 3.

4. The Answering Defendants deny the allegations in paragraph 4.

5. The Answering Defendants deny the allegations in paragraph 5.

6. The Answering Defendants deny the allegations in paragraph 6, except admit upon information and belief that Miller Energy entered a settlement with the U.S. Securities and Exchange Commission ("SEC").

7. The Answering Defendants deny the allegations in paragraph 7.

8. Paragraph 8 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 8.

9. Paragraph 9 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 9.

10. Paragraph 10 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 11.

12. The Answering Defendants deny the allegations in paragraph 12.

13. The Answering Defendants deny the allegations in paragraph 13.

14. The Answering Defendants deny the allegations in paragraph 14.

15. The Answering Defendants deny the allegations in paragraph 15.

16. The Answering Defendants admit that Miller Energy was an independent exploration and production company and at times traded on the NYSE. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 16, and therefore deny same.

17. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and therefore deny same.

18. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18, and therefore deny same.

19. The Answering Defendants admit the allegations in paragraph 19.

20. The Answering Defendants are without knowledge sufficient to form a belief as to

the truth or falsity of the allegations in paragraph 20, and therefore deny same.

21. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and therefore deny same.

22. The Answering Defendants admit the allegations in paragraph 22.

23. The Answering Defendants admit that Defendant Hall was at times both an officer and director of Miller Energy. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 23, and therefore deny same.

24. The Answering Defendants admit that they served as directors of Miller Energy. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 24, and therefore deny same.

25. The Answering Defendants admit that Defendants Gower, Leary, Richardson, and Schlumberger served as directors of Miller Energy. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 25, and therefore deny same.

26. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26, and therefore deny same.

27. Paragraph 27 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 27.

28. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28, and therefore deny same.

29. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29, and therefore deny same.

30. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30, and therefore deny same.

31. The Answering Defendants are without knowledge sufficient to form a belief as to

the truth or falsity of the allegations in paragraph 31, and therefore deny same.

32. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32, and therefore deny same.

33. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33, and therefore deny same.

34. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34, and therefore deny same.

35. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35, and therefore deny same.

36. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36, and therefore deny same.

37. Paragraph 37 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 37.

38. Paragraph 38 contains no factual allegation, and thus no responsive pleading is required.

39. Paragraph 39 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 39.

> 39(a)-(e). The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in subparagraphs (a)-(e), and therefore deny same.

40. The Answering Defendants admit that Miller Energy was an independent oil and gas company. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 40, and therefore deny same.

41. The Answering Defendants admit upon information and belief that Defendant

Boruff was a director and CEO of Miller Energy. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 41, and therefore deny same.

42. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42, and therefore deny same.

43. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43, and therefore deny same.

44. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44, and therefore deny same.

45. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45, and therefore deny same.

46. The Answering Defendants deny the allegations in paragraph 46.

47. The Answering Defendants deny the allegations in paragraph 47.

48. The Answering Defendants deny the allegations in paragraph 48.

49. The Answering Defendants deny the allegations in paragraph 49.

50. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50, and therefore deny same.

51. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51, and therefore deny same.

52. The Answering Defendants deny the allegations of paragraph 52, except admit upon information and belief that Miller Energy filed a Form S-3 on or about September 6, 2016.

53. The Answering Defendants admit upon information and belief the allegations of paragraph 53.

54. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54, and therefore deny same.

55. The Answering Defendants deny the allegations in paragraph 55.

56. The Answering Defendants deny the allegations in paragraph 56.

57. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57, and therefore deny same.

58. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58, and therefore deny same.

59. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59, and therefore deny same.

60. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60, and therefore deny same.

61. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61, and therefore deny same.

62. Paragraph 62 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 62.

63. Paragraph 63 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 63.

64. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64, and therefore deny same.

65. The Answering Defendants deny the allegations of paragraph 65.

66. The Answering Defendants deny the allegations in paragraph 66.

67. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67, and therefore deny same.

68. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68, and therefore deny same.

69. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, and therefore deny same.

70. The Answering Defendants are without knowledge sufficient to form a belief as to

the truth or falsity of the allegations in paragraph 70, and therefore deny same.

71. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71, and therefore deny same.

72. The Answering Defendants admit upon information and belief the statement contained in Miller Energy's fiscal 2010 Form 10-K. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 72, and therefore deny same.

73. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73, and therefore deny same.

74. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 74, and therefore deny same.

75. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75, and therefore deny same.

76. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76, and therefore deny same.

77. Paragraph 77 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 77.

78. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78, and therefore deny same.

79. The Answering Defendants deny the allegations in paragraph 79.

80. The Answering Defendants deny the allegations in paragraph 80.

81. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81, and therefore deny same.

82. The Answering Defendants deny the allegations in paragraph 82.

83. The Answering Defendants deny the allegations in paragraph 83.

84. The Answering Defendants are without knowledge sufficient to form a belief as to

the truth or falsity of the allegations in paragraph 84, and therefore deny same.

85. The Answering Defendants deny the allegations in paragraph 85.

86. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86, and therefore deny same.

87. The Answering Defendants deny the allegations in paragraph 87.

88. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88, and therefore deny same.

89. The Answering Defendants deny the allegations in paragraph 89.

90. The Answering Defendants deny the allegations in paragraph 90.

91. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 91, and therefore deny same.

92. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92, and therefore deny same.

93. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93, and therefore deny same.

94. Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94, and therefore deny same.

95. The Answering Defendants deny the allegations in paragraph 95.

96. The Answering Defendants deny the allegations in paragraph 96.

97. The Answering Defendants deny the allegations in paragraph 97.

98. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98, and therefore deny same.

99. The Answering Defendants deny the allegations in paragraph 99.

100. The Answering Defendants deny the allegations in paragraph 100.

101. The Answering Defendants deny the allegations in paragraph 101.

102. Paragraph 102 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations

in paragraph 102.

103. Paragraph 103 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 103.

104. Paragraph 104 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 104.

105. Paragraph 105 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 105.

106. The Answering Defendants deny the allegations of paragraph 106, except admit upon information and belief that Miller Energy filed a Form 10-Q on or about December 10, 2014.

107. The Answering Defendants deny the allegations of paragraph 107, except admit upon information and belief that Miller Energy filed a Form 10-Q on or about March 12, 2015.

108. The Answering Defendants admit that Gower, Richardson, and Stivers were directors of Miller Energy. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 108, and therefore deny same.

109. The Answering Defendants deny the allegations of paragraph 109.

110. The Answering Defendants admit upon information and belief that Miller Energy made a disclosure on or about May 12, 2015. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 110, and therefore deny same.

111. The Answering Defendants deny the allegations of paragraph 111, except admit upon information and belief that Miller Energy filed a Notification of Late Filing on or about July 14, 2015.

112. The Answering Defendants deny the allegations of paragraph 112, except admit upon information and belief that Miller Energy filed a Form 8-K on or about July 31, 2015.

113. The Answering Defendants deny the allegations of paragraph 113, except admit upon information and belief that Miller Energy filed a Form 8-K on or about August 6, 2015.

114. The Answering Defendants deny the allegations in paragraph 114, except admit upon information and belief that the SEC initiated a Cease and Desist Proceeding in 2015.

115. The Answering Defendants deny the allegations in paragraph 115, except admit upon information and belief that the SEC initiated a Cease and Desist Proceeding in 2015.

116. The Answering Defendants deny the allegations in paragraph 116, except admit upon information and belief that the SEC initiated a Cease and Desist Proceeding in 2015.

117. The Answering Defendants deny the allegations in paragraph 117, except admit upon information and belief that the SEC initiated a Cease and Desist Proceeding in 2015.

118. The Answering Defendants deny the allegations in paragraph 118, except admit upon information and belief that the SEC initiated a Cease and Desist Proceeding in 2015.

119. The Answering Defendants deny the allegations in paragraph 119, except admit upon information and belief that the SEC initiated a Cease and Desist Proceeding in 2015.

120. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 120, and therefore deny same.

121. The Answering Defendants deny the allegations in paragraph 121, except admit upon information and belief that Miller Energy filed a Form 8-K on or about August 20, 2015.

122. The Answering Defendants deny the allegations in paragraph 122, except refer to public-market sources for a true and accurate record of the price of Miller Energy Series C and Series D shares on the relevant days.

123. The Answering Defendants deny the allegations in paragraph 123, except admit upon information and belief that Miller Energy filed a Chapter 11 petition on or about October 1, 2015.

124. The Answering Defendants deny the allegations in paragraph 124, except admit

upon information and belief that the SEC entered an order relating to Miller Energy in or about January 2016.

125. The Answering Defendants deny the allegations of paragraph 125, except admit upon information and belief that the SEC entered an order relating to Miller Energy in or about January 2016.

126. The Answering Defendants admit upon information and belief the allegations in paragraph 126.

127. The Answering Defendants deny the allegations in paragraph 127, except admit upon information and belief that Miller Energy filed a Form 8-K on or about March 29, 2016.

128. The Answering Defendants deny the allegations in paragraph 128, except admit upon information and belief that Miller Energy filed a Form 8-K on or about March 29, 2016.

129. The Answering Defendants deny the allegations in paragraph 129, except admit upon information and belief that Miller Energy filed a Form 8-K on or about March 29, 2016.

130. The Answering Defendants are without sufficient knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 130, and therefore deny same.

131. The Answering Defendants deny the allegations in paragraph 131, except admit that Gower departed Miller Energy's board of directors.

132. The Answering Defendants admit upon information and belief that the SEC entered orders relating to Defendants Hall and Boyd on or about June 7, 2016. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 132, and therefore deny same.

133. The Answering Defendants admit upon information and belief that the SEC entered an order relating to Defendant Boyd. But the Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 133, and therefore deny same.

134. The Answering Defendants admit upon information and belief that the SEC entered an order relating to Defendant Hall. But the Answering Defendants are without

knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in paragraph 134, and therefore deny same.

135. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 135, and therefore deny same.

136. The Answering Defendants admit that Plaintiffs purport to bring a putative class action.

137. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 137, and therefore deny same.

138. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 138, and therefore deny same.

139. The Answering Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 139, and therefore deny same.

140. Paragraph 140 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 140.

141. The allegations in paragraph 141 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 141.

142-150. The Answering Defendants decline to respond to the allegations in paragraphs 142 through and including 150 on the grounds that the Court dismissed Plaintiffs' claim under Section 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k, against the Answering Defendants.

151-157. The Answering Defendants decline to respond to the allegations in paragraphs 151 through and including 157 on the grounds that the Court dismissed Plaintiffs' claim under Section 12 of the Securities Act, 15 U.S.C. § 77l, against the Answering Defendants.

158. In response to paragraph 158, the Answering Defendants repeat, re-allege, and incorporate their responses to each and every paragraph above.

159. Paragraph 159 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 159.

160. Paragraph 160 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 160.

161. Paragraph 161 states legal conclusions to which no responsive pleading is required. To the extent any response is required, the Answering Defendants deny the allegations in paragraph 161.

## DEFENSES

Without assuming the burden of proof on any matter where that burden rests on Plaintiffs, the Answering Defendants assert the following defenses to the claims asserted in the Complaint:

### FIRST DEFENSE

Plaintiffs fail to allege facts sufficient to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs are not entitled to any recovery from the Answering Defendants because Plaintiffs lack standing to sue under the Securities Act against any of the Answering Defendants.

### THIRD DEFENSE

Plaintiffs are not entitled to any recovery from the Answering Defendants because Plaintiffs' claims are barred by the statute of limitations and/or statute of repose in Section 13 of the Securities Act, 15 U.S.C. § 77m, or otherwise.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the offering documents did not contain any untrue statement of material fact and did not fail to state any material fact required to be stated or necessary to make statements not misleading.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants acted at all times in good faith and did not know, and could not have known, in the exercise of reasonable care, that any alleged statement or omission was false or misleading.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants conducted reasonable due diligence, and therefore had a reasonable basis to believe that the offering documents did not contain the alleged untrue statements and/or omissions of fact.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the Answering Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants lacked sufficient control over Miller Energy.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would have purchased the securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged untrue statements and/or omissions of fact in the offering documents were not material to the investment decisions of a reasonable investor.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they knew, or by the exercise of reasonable care could have known, the true facts about the matters alleged in the Complaint.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that the securities were not issued in or are not traceable to the offering documents.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they held, disposed of, or could have disposed of the securities at a price in excess of the offering price.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged misstatements or omissions were accompanied by adequate cautionary language and/or are covered by the statutory safe harbor provisions for forward-looking statements set forth in the Securities Act.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they failed to mitigate, minimize, or avoid any loss or damage referred to in the Complaint.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek damages in excess of the total price at which the securities were offered to the public.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that any damages or injuries that they allegedly suffered were not cause by any act or omission on the part of the Answering Defendants.

**EIGHTEENTH DEFENSE**

The Answering Defendants adopt by reference any applicable defense pled by any other Defendant not expressly set forth herein.

**DEFENSES RESERVED**

The Answering Defendants reserve the right to raise any additional defenses, counter-claims, and third-party that the Answering Defendants may become aware of through discovery

or other investigation.

WHEREFORE, the Answering Defendants request judgment dismissing the Complaint, awarding the Answering Defendants their attorneys' fees and costs of this suit, and other, further relief as the Court deems appropriate.

DATED: October 16, 2017

**DLA PIPER LLP (US)**

*s/ Michael A. Piazza*

Perrie M. Weiner (admitted *pro hac vice*)
Michael A. Piazza (admitted *pro hac vice*)
2000 Avenue of the Stars, Fourth Floor
Los Angeles, CA 90067
Telephone: (310) 595-3000

Stephen A. Marcum (#7019)
MARCUM & PETROFF
Three Courthouse Square
P. O. Box 240
Huntsville, TN 37756
Telephone: (423) 663-9755
Fax 423-663-2111

*Attorneys for Defendants Deloy Miller, Charles M. Stivers, David M. Hall, Merrill A. McPeak, Don A. Turkleson, Marceau N. Schlumberger, Bob G. Gower, Joseph T. Leary, William B. Richardson, and Catherine Rector*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Dated this 16th day of October, 2017.

*s/ Michael A. Piazza*
Attorney