UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH GAYNOR, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-545-TAV-CCS |
| | ) | |
| DELOY MILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 120] of the Chief District Judge.

Now before the Court is an Amended Joint Discovery Plan and Joint Motion to Modify Scheduling Order [Doc. 121]. For grounds, the parties explain that on January 5, 2017, Plaintiffs filed their Master Consolidated Complaint, which is their operative pleading in this case, and that on February 16, 2017, several Defendants filed Motions to Dismiss. The parties state that while the dispositive motions were pending, the Private Securities Litigation Reform Act ("PSLRA") imposed an automatic stay of discovery. The parties explain that the Court granted in part and denied in part the dispositive motions on August 11, 2017. The parties further explain that the Court also granted them an extension to file responsive pleadings and to conduct their Rule 26(f) conference. The parties continue that they have acted diligently during this litigation, such as coordinating to request a mutually agreeable deadline for filing answers and for holding the Rule 26(f) conference. The parties state that despite their due diligence, they cannot meet the deadlines in the current Scheduling Order. They submit that this action involves more than two dozen

parties, which will require discovery to be taken from a significant third-party (Miller Energy Resources, Inc.) and that the case presents issues concerning the valuation of assets located in Alaska that will require significant factual development and the use of experts. In addition, they explain that the deadline for dispositive motions had passed prior to the deadline for the Defendants to submit their answers and that there is insufficient time to adjudicate the class certification issue or to provide adequate notice to any certified class prior to the January 16, 2018 trial date. Finally, they explain that they have coordinated in good faith to propose a mutually agreeable schedule for most deadlines that accounts for the complexities of this class action.

Accordingly, the Court finds the parties' request well-taken, in part. Per the parties' agreement, the Court will adopt their Joint Discovery Plan [Doc. 116-1], except Section 9 titled "Summary of Deadlines." Further, the Court will not adopt the parties' proposed scheduling order in its entirety. For instance, the Court observes that the parties' proposed scheduling order extends the time for briefing on all potential motions without providing any explanation for such extensions other than to assert that the case is complex. Citing to the case's complexity for an extended briefing schedule for motions that have not been filed does not constitute good cause. Furthermore, the parties provided additional time for reply briefs (e.g., 17 days for a motion to certify the class; 14 days for summary judgment motions; and 10 days for *Daubert* motions). The Court directs the parties to Local Rule 7.1(c), which provides that "reply briefs are not necessary and are not required by the Court." E.D. Tenn. L.R. 7.1(c). Finally, if the parties need additional time to brief the issues on any given motion, they may request an extension at that time.[1] Accordingly,

[1] The Court also emphasizes that under the parties' proposed briefing schedule, dispositive motions would be completely ripe two months before trial. This would result in the parties not receiving a decision on their dispositive motions until a few weeks prior to trial.

the Amended Joint Discovery Plan and Joint Motion to Modify Scheduling Order [**Doc. 121**] is **GRANTED IN PART AND DENIED IN PART**. The Court further **ORDERS** as follows:

1. Motions for class certification shall be due on or before **January 19, 2018**;

2. Responses to motions for class certification shall be twenty-one (21) days after filing the motion, and replies shall be due within seven (7) days of the responses;

3. Plaintiffs' experts reports shall be submitted on or before **June 15, 2018**;

4. Defendants' expert reports shall be submitted on or before **July 13, 2018**;

5. Plaintiffs' reply expert reports shall be submitted on or before **July 30, 2018**;

6. Discovery in this case, including expert discovery, shall conclude on or before **August 13, 2018**;

7. The parties shall jointly file a status report as explained in paragraph 4 of the original Scheduling Order [Doc. 75], on or before **August 13, 2018**;

8. All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed on or before **August 13, 2018**;

9. All *Daubert* motions shall be filed on or before **August 31, 2018**;

10. The parties shall appear before the Chief District Judge on **December 3, 2018, at 1:30 p.m.**, for a pretrial conference; and

11. The trial in this matter shall be held in Knoxville before the Chief District Judge with a jury beginning on **December 10, 2018, at 9:00 a.m.**

In addition, the briefing schedule outlined in Local Rule 7.1 shall be followed. If the parties need additional time for meeting these deadlines, they may file a motion at that time, however, counsel is admonished that further extensions are unlikely and any such request will require

establishing good cause for an extension. All other deadlines contained in the original Scheduling Order [Doc. 75] shall be recalculated in accordance with the new trial date. Finally, the parties' Joint Motion to Modify Scheduling Order [**Doc. 116**] is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge