IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| Kenneth Gaynor, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:15-cv-545-TAV-CCS |
| | ) | |
| Deloy Miller, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTY KPMG LLP'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Non-party KPMG LLP ("KPMG")[1] respectfully submits this memorandum in opposition to the motion of Lead Plaintiffs Kenneth Gaynor, Marcia Goldberg, and Christopher R. Vorrath ("Plaintiffs") to compel the production of certain documents (the "Motion"). The Motion should be denied for several reasons, set forth below.

## BACKGROUND

As an initial matter, while Plaintiffs' motion to compel does not make this clear, it is important to note that non-party KPMG has already made a substantial production of documents to Plaintiffs in this case. Specifically, on April 10, 2018, in response to a subpoena from Plaintiffs, KPMG produced documents evidencing all communications with the underwriters

[1] KPMG is not a party in the above-captioned *Gaynor* case, and the Master Consolidated Complaint in *Gaynor* (Motion to Compel Ex. A) makes no reference to KPMG. KPMG is a defendant in another action, *Cosby et al. v. KPMG LLP*, No. 3:16-cv-121, pending in this Court. KPMG's motion to dismiss the *Cosby* action is pending, and all discovery in that case is automatically stayed pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3). The confidentiality order in the *Gaynor* case does not permit sharing of confidential discovery materials produced in *Gaynor* with the parties in *Cosby*. (*Gaynor* Dkt. No. 137, Stipulated Protective Order.) Discovery in the two matters is not coordinated in any way.

4812-8890-4041.5

who are defendants in this case. The present dispute relates to Plaintiffs' efforts to obtain an *additional* production of voluminous documents from non-party KPMG.

On May 7, 2018, Plaintiffs served a second subpoena on non-party KPMG, seeking the production of eleven categories of documents relating to KPMG's provision of auditing and other professional services to Miller Energy. (Motion Ex. B.) On its face, the subpoena is extraordinarily broad and purports to require the production, for example, of "[a]ll documents" concerning "any professional services" performed by KPMG for Miller Energy (Request No. 1), all documents "concerning Miller Energy" (Request No. 4), and all documents "relating to billings and fees concerning Miller Energy" (Request No. 10).

On May 16, 2018, non-party KPMG served objections to the subpoena. (Motion Ex. C.)

On May 31, 2018, counsel for Plaintiffs and KPMG conferred by telephone and reached an agreement on the scope of KPMG's production in response to the subpoena, which was partially memorialized in an e-mail from Plaintiffs the following day. (*See* Motion Ex. D.) The agreement included that KPMG would produce copies of documents previously produced to the U.S. Securities and Exchange Commission (the "SEC") "to the extent the documents are non-privileged and relate to the Alaska Assets," subject to certain additional limitations, and that this production would "satisfy KPMG's obligations under the subpoena." (*See* Motion Ex. D.)

At no time during the May 31, 2018 conference did Plaintiffs' counsel disclose to KPMG that Plaintiffs took the position that this Court has no jurisdiction and that Plaintiffs intended to renew their motion to remand the case to state court and move to stay all proceedings, including discovery, in the meantime. Instead, Plaintiffs stressed to KPMG that there was an expedited need for KPMG to produce its documents and threatened that Plaintiffs would move to compel if an agreement was not reached.

On June 1, 2018 the very next day Plaintiffs filed a renewed motion to remand the case to state court, immediately, on the ground that this Court lacks subject matter jurisdiction (Dkt. No. 155, the "Renewed Motion to Remand") and a motion to stay this action pending adjudication of that motion (Dkt. No. 156, the "Motion to Stay"). Plaintiffs noted that "subject matter jurisdiction is a *prerequisite* for a federal court to take an action" and that consequently motions addressing jurisdiction "should be decided prior to *any* motions raising other issues." (Motion to Stay at ¶ 2 (emphasis added).) Plaintiffs asserted that a stay is appropriate because if their remand motion is granted, "it would end litigation of this case in federal court, eliminating all upcoming deadlines," and that a "stay will conserve resources." (Motion to Stay at ¶ 2.) Plaintiffs further asserted that the parties, both Plaintiffs and Defendants, would "suffer hardship . . . through the unnecessary expenditure of time and resources if required to litigate this action where the Court lacks jurisdiction." (Motion to Stay ¶ 5.)

On June 5, 2018, in light of the Renewed Motion to Remand and the Motion to Stay filed by Plaintiffs, wherein Plaintiffs contend that this Court lacks power to act in this case and that all proceedings, including discovery, should be halted pending resolution of the motion challenging the Court's jurisdiction, counsel for non-party KPMG attempted to reach Plaintiffs' counsel by telephone to discuss Plaintiffs' motions and to express the view that it would be appropriate for a stay, if there was one, to apply to non-party KPMG so that it could also conserve resources while the remand motion was being resolved. KPMG followed the call with an email inviting a call back to discuss Plaintiffs' motions and stating that KPMG would "hold off for now producing documents in response to the federal court subpoena until these motions are resolved" and that

"[i]f the case is remanded, we will discuss production of the agreed upon documents in response to a properly issued state court subpoena." (Motion Ex. E at page 2.)[2]

Counsel for Plaintiffs failed or refused to return the phone call. Following a brief further e-mail exchange on June 5, 2018 (Motion Ex. E), without engaging in a meaningful attempt to meet and confer, and without consulting with the Magistrate Judge, Plaintiffs filed the present motion to compel.

## ARGUMENT

The Court should deny Plaintiffs' motion to compel for three independent reasons.

### I. Plaintiffs maintain that this Court lacks subject matter jurisdiction and that all discovery and motion practice in this case should be stayed.

First, Plaintiffs' motion is premature (and unnecessary) in light of the pending question over whether this Court has subject matter jurisdiction. It is premature because the question of jurisdiction is a threshold question that should be resolve first. It is unnecessary because KPMG has agreed to produce the documents pursuant to the federal court subpoena if the Court finds that it has subject matter jurisdiction.

Plaintiffs maintain that this Court lacks subject matter jurisdiction. In the absence of subject matter jurisdiction, a federal court is not empowered to take action. *Memphis Am. Fed'n of Teachers, Local 2032 v. Bd. of Educ. of Memphis City Schs.*, 534 F.2d 699, 701 (6th Cir. 1976) ("Without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed."); *SMR Technologies, Inc. v. Aircraft Parts Intern.*

[2] KPMG has made it clear to Plaintiffs that if the Renewed Motion to Remand is denied, KPMG stands ready to make the agree-upon production in response to the subpoena. If the case is remanded to state court, KPMG would be willing to produce documents in response to a valid subpoena issued by the state court. While the terms of the basic agreement on scope—production of documents previously produced to the SEC "to the extent they are non-privileged and relate to the Alaska Assets"—would be the same, the actual document production could be different because the law governing privilege differs in state court. Specifically, Tennessee recognizes an accountant-client privilege, Tennessee Code Annotated § 62-1-116, that is not typically available in federal court, *Couch v. United States*, 409 U.S. 322, 325 (1973) ("[W]e note that no confidential account-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases").

*Combs, Inc*., No. 00-2563, 2004 U.S. Dist. LEXIS 4741, at *10-12, 2004 WL 595010 (W.D. Tenn. Mar, 23, 2004) ("Determining whether subject matter jurisdiction exists is a preliminary issue which must be resolved before the court may hear any other issue in the matter."). Indeed, actions taken by a federal court that lacks subject matter jurisdiction are deemed void *ab initio*. *See Da Silva v. Kinsho Int'l Corp*., 229 F.3d 358, 365 (2d Cir. 2000) ("[I]f there is lacking what is properly classified as subject matter jurisdiction, all actions of a federal court are void"). For this reason, it is incumbent on parties to raise subject matter jurisdiction issues promptly, and for courts to resolve such questions prior to taking other actions. *See In re "Agent Orange" Product Liability Litigation*, 635 F.2d 987, 992 n.10 (2d Cir. 1980) (stating that reviewing "at risk issues would be inappropriate" because "our ruling may end the federal court litigation.").

Plaintiffs recognize all of this. Plaintiffs acknowledge, in their own words, that "subject matter jurisdiction is a *prerequisite* for a federal court to take an action" and that for this reason motions addressing jurisdiction "should be decided prior to *any* motions raising other issues." (Motion to Stay at ¶ 2 (emphasis added).) Plaintiffs contend that the case must be remanded to state court "immediately." (Renewed Motion to Remand at ¶ 5.) Yet, remarkably, Plaintiffs, who believe this Court lacks subject matter jurisdiction, are seeking to have this Court compel KPMG to produce documents. They are seeking to have this Court exercise power that they contend the Court does not have, and to do so before the Court addresses and resolves the question of whether it in fact has the power to act in this case.

Clearly, Plaintiffs were correct in their assertion that this Court should resolve first, as a threshold matter, whether it has jurisdiction and only then, if it determines that it had jurisdiction, address other motions. KPMG should not be required to rush to make the production first, before the Court determines whether it has jurisdiction. As explained below, the content of KPMG's

production (due to the applicability of different privilege law) may be different if the case is remanded to Tennessee state court. Plaintiffs should not be permitted to compel, in federal court, the production of accountant-client documents that are not privileged under federal law, in advance of having the case remanded back to Tennessee state court, where such documents may be privileged and where Plaintiffs would not be entitled to their production.

In the present circumstances, the motion to compel is entirely unnecessary. KPMG is not seeking to avoid production of documents and Plaintiffs will suffer no prejudice if additional non-party discovery of KPMG is stayed pending this Court's ruling on Plaintiff's mot to remand. If the Court determines that it has subject matter jurisdiction, then the case will proceed in this court, and KPMG will make the agree-upon production (applying federal privilege law) promptly after the Court issues its decision on the question of jurisdiction. If the Court remands the case to Tennessee state court, then any production will be in response to a state court subpoena and governed by state privilege law.[3]

## II. Plaintiffs failed to meet and confer with non-party KPMG and to confer with a Magistrate Judge prior to filing their motion to compel.

Second, Plaintiffs filed the present motion in violation of the Scheduling Order issued by this Court. The Scheduling Order unambiguously states that a motion to compel may be filed only if the parties meet and confer and consult with the Magistrate Judge first:

> (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention;
>
> (2) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, which conference shall be

[3] Federal courts ordinarily apply federal common law to claims of privilege in cases involving federal law, Fed. R. Evid. 501, while Tennessee state courts apply Tennessee law to claims of privilege, Tenn. R. Evid. 501. *See King v. Betts*, 354 S.W.3d 691, 706-07 (Tenn. 2011) (stating that when state courts exercise their "concurrent jurisdiction with federal courts to adjudicate" a federal claim, "they must apply the federal substantive law in conjunction with the Tennessee rules of procedure.").

by telephone or in court, at the discretion of the Magistrate Judge, who also shall have the discretion to make findings and enter an order on the dispute; and

(3) If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(1), if applicable.

*See* Dkt. 75.

As noted above, Plaintiffs did not meet and confer with KPMG, as they refused to take or return KPMG's counsel's phone call to discuss the matter, and they also neglected to confer with the Magistrate Judge prior to filing their motion. Again, the Court's Scheduling Order is not ambiguous—a motion to compel may be filed "[i]f, and only if" both of these steps are taken. By filing the motion to compel, Plaintiffs and their counsel have violated the Court's Scheduling Order. This constitutes an independent basis for denying the motion, as a federal court has broad authority to control its docket and the process for presentation of discovery disputes to the Court. *See Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 98-100 (S.D.N.Y. Mar. 6, 1997) (denying motion to compel after movant failed to comply with Rule 37's meet-and-confer requirements); *Wiggins v. Kimberly-Clark Corp.*, No. 3:12-CV-115, 2014 U.S. Dist. LEXIS 199259, at *1-2 (E.D. Tenn. Jan. 14, 2014) (denying Plaintiffs' motions for failing to comply with the court's scheduling order and Rule 37 requirement to certify that the moving party conferred with the opposing party).

## III. Plaintiffs' stated reason for moving to compel—that KPMG is pursuing delay for delay's sake—is false and baseless.

Third, the sole[4] stated basis for Plaintiffs' motion hinges on a false assertion about KPMG's alleged motivation. (Motion to Compel at ¶ 6.) Plaintiffs assert that "KPMG's tactics are delay simply for delay's sake." (Motion to Compel at ¶ 6.) The assertion is factually inaccurate, and Plaintiffs make the assertion without any good faith basis.

As a matter of fact, KPMG is not seeking delay for delay's sake. KPMG is not a party and has no interest in how quickly, or how slowly, this case proceeds. If Plaintiffs had not filed their Renewed Motion to Remand and their Motion to Stay, KPMG would have worked diligently and expeditiously to make the agree-upon production to Plaintiffs. KPMG's present position is motivated not by any inappropriate desire to delay the proceedings, but rather by legitimate interests that have nothing to do with the speed at which this case proceeds.

KPMG has a legitimate interest (wholly unrelated to how quickly this case moves forward) in knowing which Court will hear this case prior to producing documents, for two reasons. First, applicable professional standards (and client contractual arrangement) require that KPMG maintain the confidentiality of documents relating to its professional services and produce such documents only in response to valid compulsory process. *See, e.g.,* AICPA Code of Professional Conduct and Bylaws, Code of Professional Conduct, ET Section 301.01 ("A member in public practice shall not disclose any confidential client information without the specific consent of the client. This rule shall not be construed . . . to affect in any way the member's obligation to comply with a validly issued and enforceable subpoena"). If this Court

[4] Plaintiffs have not argued that they would suffer any hardship from postponing KPMG's production until after the jurisdictional question has been resolved. Nor could they make such an argument. It would contradict their own statements to this Court that all motions and discovery should be stayed. Moreover, given this Court's cancellation of the December 10, 2018 trial date and extension of current deadlines (Dkt. 156, filed June 13, 2018), there is obviously no pressing need for KPMG to produce its documents immediately.

lacks subject matter jurisdiction (as Plaintiffs assert), then the federal court subpoena to KPMG is invalid, and KPMG would not be required to produce documents in this case. If the case is remanded to state court, KPMG would be required to produce documents only in response to a validly issued state court subpoena. It is KPMG's standard practice, not restricted to this or any particular litigation, not to produce confidential documents relating to its work for audit clients in the absence of validly issued compulsory process.

Second, the scope of applicable privileges differs across jurisdictions. Tennessee courts, for example, recognize an accountant-client privilege, Tennessee Code Annotated § 62-1-116, while federal courts do not, *Couch*, 409 U.S. at 325. The Tennessee accountant-client privilege belongs to the client, not to the accountant. *Federal Ins. Co. v. Arthur Anderson & Co*., 816 S.W.2d 328, 330 (Tenn. 1991). KPMG is not aware of Miller Energy having waived the privilege. Because of the differences in applicable privilege law, KPMG needs to know which Court will handle the matter before it can determine which documents to produce, and which documents to withhold as privileged, pursuant to the agreed-upon scope. As noted above, the agreement with Plaintiffs was to produce only certain documents, previously produced to the SEC, "to the extent the documents are non-privileged and relate to the Alaska Assets." (*See* Motion Ex. D.)

Additionally, KPMG has a legitimate interest in avoiding unnecessary burden and expense. Plaintiffs have acknowledged in their own prior statements to this Court that all activities in this case *should* be stayed and that staying all motions and discovery would "conserve resources" and avoid "hardship" on the parties. The documents KPMG produced to the SEC during the Miller Energy investigation was voluminous (over 135,000 pages). The resources necessary to review its prior productions and to cull those documents that may be

protected from disclosure as privileged or that do not directly relate to Miller Energy's Alaska assets is not inconsiderable. If holding off temporarily on motion practice and discovery efforts pending resolution of the jurisdictional question would be beneficial to the parties, then, *a fortiori,* it would be beneficial to a non-party like KPMG. Unlike in other matters, to date Plaintiffs have not offered to reimburse KPMG for any of its costs.

KPMG is no more seeking delay for delay's sake than are Plaintiffs. It is unclear why counsel for Plaintiffs, as officers of this Court, would choose to level such an incendiary allegation against a non-party that has no incentive to seek delay for delay's sake, particularly given that Plaintiffs and their counsel have no good faith basis for making such an accusation. Certainly nothing KPMG has said or done has given Plaintiffs and their counsel cause for legitimately believing that KPMG is inappropriately seeking to delay this case. Like Plaintiffs, non-party KPMG wishes to know what Court will hear the case, and what procedures and privileges will apply, prior to devoting additional time and expense to discovery.

* * *

For these reasons, the Court should deny Plaintiffs' motion to compel KPMG to produce documents. In denying Plaintiffs' motion to compel, the Court should impose an appropriate sanction on Plaintiffs and their counsel, including requiring that they pay KPMG's costs and attorneys' fees in responding to the motion to compel. Sanctions are appropriate here because (a) Plaintiffs engaged in unnecessary motion practice, (b) Plaintiffs failed to comply with Rule 45(d)(1), which requires that a party or attorney responsible for issuing a subpoena to a non-party take reasonable steps to avoid imposing undue burden or expense (and authorizes sanctions including attorney's fees for non-compliance), (c) Plaintiffs failed to comply with this Court's Scheduling Order, which requires a party to meet and confer in good faith and consult with the

Magistrate Judge prior to filing a motion to compel, and (d) Plaintiffs have included in their motion papers scandalous accusations about KPMG's allegedly improper motivations, without a good faith basis for doing so.

Dated: June 18, 2018 Respectfully submitted:

/s/ Paul S. Davidson
Paul S. Davidson (TN BPR # 011789)
Tera Rica Murdock (TN BPR # 028153)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Phone: 615-244-6380
Fax: 615-244-6804
Email: pdavidson@wallerlaw.com
Email: terarica.murdock@wallerlaw.com

*Attorneys for Non-Party KPMG LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties below indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Stephen R. Astley
Robbins Geller Rudman & Dowd, LLP
120 East Palmetto Road
Boca Raton, FL 33432

/s/ Paul S. Davidson
Paul S. Davidson

4812-8890-4041.5