UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| KENNETH GAYNOR, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>DELOY MILLER, *et al.*,<br><br>Defendants. | No.: 3:15-CV-545-TAV-CCS<br><br>*Lead Case Consolidated with* |
| MARCIA GOLDBERG, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>DELOY MILLER, *et al.*,<br><br>Defendants. | No.: 3:15-CV-546-TAV-CCS<br><br>*as consolidated with* |
| GABRIEL R. HULL, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>DELOY MILLER, *et al.*,<br><br>Defendants. | No.: 3:16-CV-232-TAV-CCS |

## ORDER

Plaintiffs seek remand to state court for the second time [Doc. 155] after defendants removed the action to federal court and the Court denied plaintiffs' first motion to remand [Doc. 29].[1] In the intervening period between the first motion to remand and the renewed

[1] Because the cases have been consolidated, the Court cites exclusively to documents filed in *Gaynor, et al., v. Miller, et al.*, No. 3:15-cv-545, unless noted otherwise.

motion, the Supreme Court decided *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061 (2018), which interpreted the Securities Litigation Uniform Standards Act ("SLUSA") to bar removal of suits like this one. Because the *Gaynor* and *Goldberg* plaintiffs have not forfeited their right of remand, plaintiffs' renewed motion to remand [Doc. 155] is **GRANTED, in part**. However, the *Hull* plaintiffs filed in federal district court, so their suit is not subject to remand.

## I. Background

The Court summarized the factual background of this case in its August 2017 ruling on various motions to dismiss [Doc. 106 p. 2–9]. Incorporating that summary by reference, the Court focuses here on the procedural background relevant to the instant motion.

Plaintiffs Kenneth Gaynor and Marcia Goldberg filed putative class actions alleging violations of the Securities Act of 1933 in Tennessee state court on November 12, 2015. [*Gaynor v. Miller*, 3:15-cv-545 Doc. 1-1]; [*Goldberg v. Miller*, 3:15-cv-546 Doc. 1-1]. Gaynor and Goldberg, both filing individually and on behalf of all others similarly situated, sued the same group of individual and corporate defendants. *Id.* Defendants MLV & Co., LLC, Williams Financial Group, Aegis Capital Corp., Northland Capital Markets, and Ladenburg Thalmann & Co. Inc., now known as Ladenburg Thalmann Financial Services, Inc., (collectively, the "Underwriter Defendants"), removed both cases to federal court on December 9, 2015. [3:15-cv-545 Doc. 1]; [3:15-cv-546 Doc. 1]. Both the *Gaynor* and *Goldberg* plaintiffs moved to remand on January 8, 2016. [3:15-cv-545 Doc. 29];

[3:15-cv-546 Doc. 32]. And, the Court denied their motions in a joint order in September 2016 [Doc. 73].

Prior to the denial of the motions to remand, in May 2016, plaintiff Gabriel Hull filed a suit, later deemed to be related to Gaynor's and Goldberg's, in this Court. [3:16-cv-232 Doc. 1]. Shortly thereafter, the Underwriter Defendants moved to consolidate *Gaynor*, *Goldberg*, and *Hull* [3:15-cv-545 Doc. 62]. After the Court denied the motion to remand, the magistrate judge granted the motion to consolidate *Gaynor*, *Goldberg*, and *Hull* in November 2016, finding that they presented common questions of law and fact [Doc. 84 p. 3]. The magistrate judge did not order consolidation as to the related case, *Cosby, et al., v. Miller, et al.*, 3:16-cv-121. *Id.* The consolidation order directed that *Gaynor* would serve as the lead case for purposes of consolidation and that all future filings should only be made in *Gaynor*. *Id.*

Since the Court denied remand and consolidated *Gaynor*, *Goldberg*, and *Hull*, the following noteworthy activities have taken place on the *Gaynor* docket:

- Lead plaintiffs ("plaintiffs") Gaynor, Goldberg, Hull, and Christopher R. Vorrath filed an amended complaint/master consolidated complaint [Doc. 92] in January 2017;
- Defendant Gerald Hannahs, the Underwriter Defendants, and defendants Bob Gower, David Hall, Joseph Leary, Merrill McPeak, Catherine Rector, William Richardson, Marceau Schlumberger, Charles Stivers, and Don Turkleson (collectively, the "Moving Individual Defendants") filed motions to dismiss [Docs. 95, 96, 99] in February 2017;
- The Court dismissed plaintiffs' claims against the individual defendants under §§ 12(a)(2) and 11 of the Securities Act of 1933, 15 U.S.C. § 77a, as well as their § 15 claim predicated on their § 12 claim; it also dismissed plaintiffs' § 12 claim against the Underwriter Defendants; but it did not dismiss plaintiffs' § 11 claim against the Underwriter Defendants and their

§ 15 claim against both the individual and underwriter defendants predicated on plaintiffs' § 11 claim [Doc. 106 p. 16, 24, 36, 39];

- The magistrate judge ordered that scheduling deadlines be reset and the trial date be rescheduled for December 2018 [Doc. 122], in response to a joint motion to modify the scheduling order [Doc. 121];
- Plaintiffs moved for class certification [Doc. 130] in January 2018;
- The parties stipulated to the dismissal of lead plaintiff Gabriel Hull [Doc. 139] in February 2018;
- Plaintiffs filed a renewed motion to remand on June 1, 2018 [Doc. 155], as well as a motion to stay the action pending adjudication of the motion to remand [Doc. 156];
- Just over a week later, plaintiffs filed a motion to compel third-party KPMG LLP to produce documents [Doc. 157];
- The Court granted a joint motion filed in May 2018 to modify the scheduling order, resetting the trial for March 4, 2019 [Doc. 158];
- The magistrate judge recommended in an August 2018 Report and Recommendation ("R&R") that the Court grant plaintiffs' motion for class certification [Doc. 13] and that the action be certified as a class pursuant to Rule 23(a) and (b)(3) [Doc. 167];
- Three days later the Court granted a joint motion to stay the case temporarily for thirty (30) days pending mediation [Doc. 170];
- The Court entered two more stays to allow the parties to complete settlement negotiations [Docs. 172, 175], lasting from September 2018 through April 2019.
- On the belief that continued negotiations could lead to the resolution of this matter, the Court ordered the parties in April 2019 to mediate the action in good faith and referred the matter to the Hon. Christopher H. Steger, U.S. Magistrate Judge, for a judicially hosted mediation [Doc. 182]. The mediation did not produce a settlement [Doc. 183].

Having lifted the stay [Doc. 184], the Court returns to the pending issues at the time the August 2018 stay was entered and first considers the renewed motion to remand [Doc. 155]. The Underwriter Defendants responded in opposition [Doc. 159], joined by the Individual Defendants [Doc. 161].[2] Plaintiffs replied [Doc. 164].

2. The Court refers to the Underwriter and Individual Defendants as "defendants."

## II. Analysis

The Court has the authority to reconsider an issue it has already decided under extraordinary circumstances, such as a subsequent contrary view of the law by the controlling authority. The Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund* presents a contrary view of the law to that adopted by this Court in its denial of the original motion to remand. Reexamining the issue of remand in light of *Cyan*, the Court finds that remand is proper in *Gaynor* and *Goldberg*, even though the Court has subject-matter jurisdiction over these cases, and improper in *Hull*, which was not removed from state court.

### A. The Propriety of Re-Opening the Issue of Remand

A court has the power to revisit an issue that it has previously decided, though it should be "loathe to do so in the absence of extraordinary circumstances." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) (internal citations omitted). The law-of-the-case doctrine states that "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). The doctrine is a "discretionary tool . . . to promote judicial efficiency," *id.*, "not a limit to [courts'] power. *Id.* (citing *Christianson*, 486 U.S. at 817). And, yet, "issues, once decided, should be reopened only in limited circumstances, e.g., where there is substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." *United States v.*

*Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citation and internal quotation marks omitted). One of those extraordinary circumstances presents itself here.

Since this Court denied plaintiffs' first motion to remand, the Supreme Court issued a decision disagreeing with the interpretation of the federal statute underlying our denial. The Supreme Court held in *Cyan, Inc. v. Beaver County Employees Retirement Fund* that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") did not strip state courts of jurisdiction to hear class actions alleging violations of the Securities Act of 1933 ("1933 Act"), 48 Stat. 74, as amended, 15 U.S.C. § 77a *et seq*. 138 S. Ct. 1061, 1066 (2018). It also ruled that the Securities Act of 1933 barred the removal of federal-class actions from state court. *Id.*

The Supreme Court's holding in *Cyan* rested on its interpretation of whether the 1933 Act, as amended by SLUSA, gives federal courts exclusive jurisdiction to hear certain class actions and, relatedly, whether removal of those claims is proper. *Id.* at 1069. The Securities Act provides state and federal courts concurrent jurisdiction over claims asserted under the Act with an exception. § 77v(a). The so-called "except clause" of § 77v(a) was central to the parties' dispute in *Cyan*:

> The district courts of the United States . . . shall have jurisdiction[,] concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

§ 77v(a). Section 77p bars securities actions that are "covered class actions"[3] based on state law, § 77p(b), and provides for the removal of such actions filed in state court to federal court, § 77p(c), where the "proper course is to dismiss" the action. *Cyan*, 138 S. Ct. at 1068 (quoting *Kircher v. Putnam Funds* Trust, 547 U.S. 633, 644 (2006)); *see also* § 77p(c) ("Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)"). Section 77v(a) provides a general bar on removing suits except these "covered class actions": "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." § 77v(a).

Cyan argued, as did defendants in this case [Doc. 42 p. 1, Doc. 43 p. 5; Doc. 44 p. 1 (adopting the arguments contained in Doc. 42)], that the "except clause" deprived state courts of jurisdiction to hear all "covered class actions," including those alleging only 1933 Act claims. *Cyan*, 138 S. Ct. at 1068. Thus, as defendants contended here, removal of a non-precluded, covered class action was proper, and a federal court could not remand such an action [Doc. 42 p. 6]. The government disagreed with Cyan's interpretation of the "except clause" in its amicus brief, but it contended that § 77p(c) allowed defendants to

3. "[C]overed class action" means a class action in which "(I) damages are sought on behalf of more than 50 persons . . . or (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated." § 77p(f)(2).

remove 1933 Act class actions to federal court if they alleged the kind of misconduct listed in § 77p(b). 138 S. Ct. at at 1075. Rejecting both interpretations, the Supreme Court found that state courts retain concurrent jurisdiction over class actions that are not barred by § 77p, i.e. class actions based on federal law, *id.* at 1069, and it interpreted § 77p(c) to authorize removal only of actions precluded under § 77p(b)—only "covered class actions" based on state law. *Id.* at 1076.

In ruling on the initial motions to remand filed by the *Gaynor* and *Goldberg* plaintiffs in the instant case,[4] this Court adopted the view that the 1933 Act granted federal courts exclusive jurisdiction over "covered class actions," and, thus, the anti-removal bar did not apply to them [Doc. 73 p. 14, 18–19]. Noting that the parties did not dispute that this case satisfies § 77p(f)'s definition of a covered class action and that it involves a covered security [*Id.* at 12], the Court found that the Morgan County Circuit Court, where the *Gaynor* and *Goldberg* plaintiffs filed originally, lacked jurisdiction over the suits because the case represents a covered class action solely alleging federal claims [*Id.* at 20]. Accordingly, the Court held that subsections 77p(c) and (b)'s bar against removal did not apply, and it denied plaintiffs' motions to remand [Doc. 29].[5]

4. The *Hull* plaintiffs had yet to file their case at the time the *Gaynor* and *Goldberg* plaintiffs, both of whom filed originally in state court, moved separately to remand. The Court ruled on their motions together [Doc. 73 p. 1].

5. The Court also considered and rejected plaintiffs' argument that removal violated 28 U.S.C. § 1446's unanimity requirement [Doc. 73 p. 9].

If the Court were considering the motions to remand today, applying *Cyan*, it would reach the opposite conclusions: (1) the Morgan County Circuit Court has jurisdiction over the suits because they represent covered class actions not precluded by § 77p(b); (2) the bar against removal applies, and removal to federal court was improper; and, therefore, (3) remand is appropriate.[6] This case thus presents an extraordinary circumstance justifying reconsideration of the Court's prior holding, namely a "subsequent contrary view of the law by the controlling authority." *Moored*, 38 F.3d at 1421; *see also Mitchell v. Rees*, 261 Fed. App'x 825, 828 (6th Cir. 2008), *abrogated on other grounds by Penney v. United States*, 870 F.3d 49 (6th Cir. 2017) (applying this exception and finding district court did not err by reconsidering a judgment entered in accordance with a Sixth Circuit mandate where subsequent Sixth Circuit rulings adopted a contrary view to that advanced in the mandate opinion).

### B. The Court's Subject-Matter Jurisdiction under *Cyan*

Plaintiffs argue that *Cyan* deprives the Court of jurisdiction to hear this case [Doc. 155], but, as defendants contend [Doc. 159], plaintiffs' interpretation of *Cyan*'s holding is incorrect. If a court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). There are "at least three cognizable combinations of state/federal jurisdictional defects" in the removal context: "

6. *See Baker v. Dynamic Ledger Sols., Inc.*, No. 17-cv-06850, 2018 WL 4740197 (N.D. Cal. Apr. 19, 2018) (granting renewed motion to remand federal-law securities class action after staying case and denying first motion to remand without prejudice in anticipation of Supreme Court decision in *Cyan*).

(1) where the state court has jurisdiction but the federal court lacks original and removal jurisdiction; (2) where both state and federal courts have original jurisdiction but there is no federal removal jurisdiction; and (3) where both state and federal courts lack jurisdiction." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) (citing 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.169[1] at 676 (2d ed. 1990)); *see also Stokes v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 523 F.2d 433, 435–36 (6th Cir. 1975) (citing same section of *Moore's* in support of finding that court had jurisdiction to hear claims under 1933 Act, pre-SLUSA amendment, where plaintiff failed to timely object to improper removal). This is a category two case.

While the Court lacks removal jurisdiction, it has original jurisdiction to hear the instant case. As the Supreme Court held in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006), and as its discussion of *Kircher* in *Cyan* confirmed, 138 S. Ct. at 1076, "removal jurisdiction under subsection (c) [of the 1933 Act] is . . . restricted to precluded actions defined by subsection (b)." 547 U.S. at 643–44. Thus, in a case such as this one, involving non-precluded actions, a federal court lacks removal jurisdiction. Yet, a federal court still possesses original jurisdiction of all civil actions arising under the laws of the United States, 28 U.S.C. § 1331, and the non-precluded, federal securities class actions here arise under a federal statute, 15 U.S.C. § 77a *et seq.*; *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012) ("[T]here is no serious debate that a federally created claim for relief is generally a "sufficient condition for federal-question jurisdiction.") (internal citations omitted). As defendants note [Doc. 159 p. 7], *Cyan* decided that the

1933 Act, as amended by SLUSA, did not depart from the "general rule . . . that state and federal courts have concurrent jurisdiction over all claims to enforce the 1933 Act." 138 S. Ct. at 1068–69. *Cyan* did not hold that the 1933 Act deprives federal courts of their original jurisdiction to enforce the 1933 Act, as plaintiffs appear to argue [Doc. 164 p. 1–3].[7]

Indeed, the only controlling precedent plaintiffs cite in support of their argument [Doc. 164 p. 2], *Kircher v. Putnam Funds Trust*, supports the Court's conclusion that it lacks removal jurisdiction but still has federal-question jurisdiction. The Court held in *Kircher*: "If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits." *Id.* But, the *Kircher* court did not mean that a federal court would lack any type of subject-matter jurisdiction to hear a non-precluded action but that it would lack removal jurisdiction under the 1933 Act. In the context of *Kircher*, which involved exclusively state-law claims, *id.*, no removal jurisdiction meant "no jurisdiction to touch . . . the merits," because no alternative basis for jurisdiction existed. In fact, the *Kircher* court noted that although the 1933 Act grants—or withholds—removal jurisdiction, jurisdiction "might exist on some ground other than § 77p(c) (complete

[7]. The Court's original jurisdiction to hear the instant case does not mean that removal jurisdiction exists under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." "[R]emoval is entirely a creature of statute," *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002), and § 1441(a) provides generally for removal of such cases, "[e]xcept as otherwise expressly provided by Act of Congress." § 1441(a). The 1933 Act's removal bar represents just such an express exception.

diversity, for example)." *Id.* at 641 (finding no such ground where cases raised state-law claims only and did not meet § 1332's requirements for diversity jurisdiction).[8]

Because this is a case "where both state and federal courts have original jurisdiction but there is no federal removal jurisdiction," *Baris*, 932 F.2d at 1544 (citing 1A *Moore's Federal Practice* ¶ 0.169[1] at 676), "[t]he objection to the action proceeding in the federal court is a modal and formal one" that may be "waived." 16 Moore's Federal Practice – Civil § 107App. 113[1] (2019), LEXIS.

**C. Waiver of the Right to Object to Improper Removal**

Yet, defendants are incorrect that because the court has subject-matter jurisdiction over this claim [Doc. 159 p. 8], plaintiffs in this case have waived their objection to a removal defect by untimeliness. While a failure to timely object to improper removal waives the objection, *Stokes*, 523 F.2d at 435–36, the *Gaynor* and *Goldberg* plaintiffs did timely object to removal in this case, filing motions to remand within thirty (30) days of the filing of the removal notice[9] and thus satisfying the timeliness requirement of 28 U.S.C.

---

8. Plaintiffs also cite *National Shopmen Pension Fund v. Ally Financial Inc.*, 253 F. Supp. 3d 993, 995 (E.D. Mich. 2017), and *Parker v. National City Corp.*, No. 1:08 NC 70012, 2009 U.S. Dist. LEXIS 132947 (N.D. Ohio Feb. 12, 2009), for the proposition that federal courts lack any jurisdiction to hear non-precluded, removed class actions under the 1933 Act [Doc. 164 p. 2]. Both of these courts discussed jurisdiction exclusively in the context of whether they had removal jurisdiction under the 1933 Act. They did not address the issue presented in this case—whether an alternative basis for jurisdiction exists after the court has previously denied a motion to remand and plaintiffs have arguably waived their right of remand. Thus, they do not lend support to plaintiffs' argument.

9. Plaintiffs filed their motions to remand on January 8, 2016. [*Gaynor*, 3:15-cv-545 Doc. 29]; [*Goldberg*, 3:15-cv-546 Doc. 32]. The notice of removal was filed in both cases on December 9, 2015. [*Gaynor*, 3:15-cv-545 Doc. 1]; [*Goldberg*, 3:15-cv-546 Doc. 1].

§ 1447(c). Moreover, they argued in those motions that removal was improper, i.e. that it represented a procedural defect under the 1933 Act because, they argued correctly, state courts have jurisdiction to hear actions alleging exclusively federal claims [Doc. 29 p. 6]. Defendants appear to argue that plaintiffs' motion is untimely under § 1447(c) because they did not move for remand until seventy-three (73) days after the Supreme Court issued its decision in *Cyan* [Doc. 159 p. 8], but they do not cite precedent supporting the proposition that the thirty-day rule applies to a renewed motion to remand. In fact, courts have read the Supreme Court's decision in *Caterpillar, Inc. v. Lewis* to indicate that "diligent objection renders the waiver doctrine inapplicable." *King v. Marriott Intern. Inc.*, 337 F.3d 421, 425 (4th Cir. 2003) (quoting *Waste Control Specialists v. Envirocare*, 199 F.3d 781, 785 (5th Cir. 2000) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 72–77 (1996)). The *Gaynor* and *Goldberg* plaintiffs have not waived their objection to improper removal by untimeliness.

Nor, have these plaintiffs waived their right to object by their litigation behavior, as defendants contend [Doc. 159 p. 8]. In some circuits, a plaintiff may waive her objection to a procedural defect in removal by "affirmatively litigating in federal court," such as by "supplementing a complaint, litigating a summary judgment motion, or proceeding in a trial." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012); *see also Koehnen*, 89 F.3d 525, 528–29 (8th Cir. 1996). Yet, "merely engaging in offensive or defensive litigation (such as limited discovery) especially where the plaintiff has already filed a motion for remand, does not forfeit the right to a remand." *Busby*, 841 F. Supp. 2d at 53.

Applications of this litigation-conduct-waiver standard have failed to clarify the level of conduct requisite to constitute a waiver. *Compare Busby*, 841 F. Supp. 2d at 53 (finding waiver and denying renewed motion to remand where plaintiff "litigated her claim in this court for well over a year . . . filed several motions, submitted oppositions to the defendants' motions and pursued an appeal"), *and Koehnen*, 89 F.3d at 528–29 (upholding district court's determination that plaintiff waived right to raise procedural removal defect where he filed an amended petition, then filed a motion to remand but "vigorously briefed and argued his substantive motion" before the court ruled on the remand motion, and only "press[ed]" for remand after the court denied his prior motion in what was "effectively a dispositive order"), *and Harris v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir. 1981) (upholding finding of waiver where plaintiff served defendants with requests for admissions, requests for production of documents, and set of interrogatories and responded to a defendant's request for production of documents, all prior to moving for remand), *with Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 3 (D.D.C. 2015) (finding no waiver where plaintiff had "at most" exchanged some discovery with defendants), *and King*, 337 F.3d at 426 (holding plaintiff did not waive objection to removal where, after court denied her motion to remand, she amended her complaint to comply with the district court's holding that ERISA preempted her state claim).[10]

---

[10]. *Cf. Moffit v. Balt. Am. Mortg.*, 665 F. Supp. 2d 515, 517 (D. Md. 2009) (distinguishing *King* from case where court found plaintiffs engaged in "affirmative activity" constituting a waiver of the right to seek remand because plaintiffs filed second amended class action complaint alleging "facts that clearly give rise to federal jurisdiction" and amended their complaints before they filed their motions to remand).

These precedents do not clearly support finding a waiver of the right to object to improper remand in this case. Defendants argue that plaintiffs have behaved inconsistently with their professed belief that this Court lacks jurisdiction to hear their claim, "us[ing] this Court's subpoena power [since *Cyan* was issued] to obtain documents from no less than 13 non-parties, located throughout the country, even filing a pendant action in federal court in New York[,] *In re Sherb*, No. 1:18-mc-00188-VEC[, (S.D.N.Y. filed May 7, 2018)]" [Doc. 159 p. 8–9].[11] Defendants theorize that plaintiffs waited to move for remand until the day after obtaining non-party KPMG's agreement to produce documents [*Id.* at 9], and they state that plaintiffs filed a new action seeking to compel documents from KPMG[12] and filed a similar motion to compel in this case [Doc. 157] *after* filing the instant motion to remand [*Id.* at 5].

Under the D.C. Circuit's holding in *Busby*, 841 F. Supp. 2d at 53, plaintiffs' extensive use of the federal subpoena power to conduct discovery could support a finding of waiver. This conduct goes beyond the minimal discovery deemed not to constitute

---

11. *Cyan* was issued on March 20, 2018. 138 S. Ct. 1061 (2018). Defendants state that plaintiffs served a notice of subpoenas to testify at deposition and produce documents directed to nine (9) non-parties on April 9, 2018, noticing depositions for May and June 2018 in Alaska, Pennsylvania, Texas, Virginia, and Washington, D.C. [Doc. 159 p. 4]. Plaintiffs served a re-notice of subpoena to produce documents, information, or objects directed to non-party KPMG LLP on May 7, 2018, and they filed an action in the U.S. District Court for the Southern District of New York seeking authorization for substitute service on one of the non-parties the same day [*Id.*]. Plaintiffs served a notice of subpoenas to testify at deposition and produce documents directed to two (2) additional non-parties on June 15, 2018 [*Id.* at 5].

12. Defendants cite *Gaynor v. KPMG LLP*, No. 3:18-cv-226 (E.D. Tenn. filed June 7, 2018), but this case does not exist as it was erroneously filed with the motion to compel cited by defendants. The Court notes that the motion was properly filed in Gaynor v. Miller, 3:15-cv-545 Doc. 157, on June 11, 2018.

waiver in *Witte*. Moreover, the *Busby* court deemed litigation conduct prior to the renewed motion to remand to be relevant to the waiver finding. A court in the D.C. Circuit examining this case might find that plaintiffs' filing of an amended master consolidated complaint [Doc. 92] and motion for class certification [Doc. 130], as well as their active involvement in litigation for four (4) years, waived their right to object to a procedural removal defect.[13] However, the Third Circuit's holding in *King*, 337 F.3d at 426, cuts against such a finding. Like the plaintiff in *King*, the plaintiffs here filed an amended consolidated complaint after the Court denied their initial motion to remand, asserting federal subject-matter jurisdiction because the Court held the Tennessee state court did not have jurisdiction to hear their claims. Thus, *King* indicates that plaintiffs' litigation conduct did not constitute a waiver because their actions followed the denial of plaintiffs' timely-filed motion to remand.

Defendants fail to cite a Sixth Circuit precedent holding a plaintiff's litigation conduct may cause a plaintiff to waive the right to object to improper removal, much less a precedent holding she may waive her right subsequent to a court's denial of a timely motion to remand. And, the Third Circuit's holding in *King* appears more consistent than the D.C. Circuit's in *Busby* with the Supreme Court's conclusion in *Caterpillar* that a plaintiff, "by timely moving for remand, did all that was required to preserve his [procedural] objection to removal." *Caterpillar Inc. v. Lewis*, 519 U.S. at 74 (holding

[13.] Defendants mention these actions by plaintiffs in their motion's background section but do not cite these activities as examples of litigation conduct supporting a waiver [Doc. 159 p. 2–3].

plaintiff was not required to seek interlocutory appeal of denial of motion to remand to preserve objection to improper removal). Moreover, as defendants acknowledge [Doc. 159 p. 2], the *Gaynor* and *Goldberg* plaintiffs did not pursue more substantive litigation actions until after the court had denied their initial motion to remand. The *Gaynor* and *Goldberg* plaintiffs, accordingly, have not waived their right to remand due to their litigation conduct.

Defendants cite *Caterpillar* for the proposition that "[r]emanding this case, now, after years of litigation, 'would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention'" [Doc. 159 p. 9 (quoting 519 U.S. at 76)]. Yet, in *Caterpillar*, the case had proceeded to trial, the federal court had entered judgment for the defendant, and the court had denied plaintiff's motion for a new trial. 519 U.S. at 67. Although the court has proceeded past the motion to dismiss stage here [Doc. 106], the court has not ruled on the magistrate judge's report and recommendation regarding plaintiffs' motion to certify class [Doc. 167], and the case has been stayed since August 2018 to allow the parties to pursue settlement negotiations [Docs. 170, 172, 175], which terminated without settlement in September 2019 [Doc. 183]. At this pre-summary-judgment stage, the case has not reached the point where "considerations of finality, efficiency, and economy become overwhelming." 519 U.S. at 75; *see also id.* (describing as "instructive" the holding in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989), that remand at the summary judgment stage would be "unnecessary" and "wasteful" after "years of litigation"). Therefore, these considerations do not outweigh the *Gaynor* and *Goldberg* plaintiffs' right to remand. *See also Gentek Bldg. Prod., Inc. v.*

*Sherwin-Williams Co.*, 491 F.3d 320, 327 (6th Cir. 2007) ("Cases since *Caterpillar* show its limits: although the considerations of finality outweighed the plaintiff's objection to improper removal there, those considerations are not always weighty enough—even if there is a final judgment. . . . such as in a federal-question case that is dismissed before summary judgment . . . even if the plaintiff amended the complaint to state a federal claim.")

### D. Remanding Consolidated Cases Filed in Different Forums

While the *Gaynor* and *Goldberg* plaintiffs are entitled to remand, the *Hull* plaintiffs must remain in federal court, where the suit was filed originally. This case involves three separate suits, only two of which were originally filed in state court: *Gaynor*, 3:15-cv-545, and *Goldberg*, 3:15-cv-546. Defendants removed these suits to federal court. [3:15-cv-545 Doc. 1]; [3:15-cv-546 Doc. 1]. In contrast, *Hull*, 3:16-cv-232, was filed in federal court [3:16-cv-232 Doc. 1].[14] Upon the agreement of the parties, the magistrate judge consolidated *Gaynor*, *Goldberg*, and *Hull* under Federal Rule of Civil Procedure 42(a) [Doc. 84]. Consolidation traditionally "is permitted as a matter of convenience and economy in administration," the Supreme Court has explained, "but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (internal citations omitted). District courts may "consolidate cases for 'all purposes' in appropriate

[14] Defendants have not objected to remand on the basis that one of the consolidated cases, *Hull*, 3:16-CV-232, was filed in federal court. However, the court may consider its jurisdiction to hear a case sua sponte. Fed. R. Civ. P. 12(h)(3).

circumstances" under Rule 42(a), but "constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party." *Id.* at 1131.

The Sixth Circuit has made clear that this principle applies to the issue of remanding consolidated cases that were filed originally in both state and federal forums. In *First National Bank of Pulaski v. Curry*, a suit filed in Tennessee state court and removed to federal court was consolidated with a suit filed in the Middle District of Tennessee. 301 F.3d 456, 458–59 (6th Cir. 2002). The district court remanded the removed case and the case filed in federal court. *Id.* The Sixth Circuit upheld the remand of the removed case because the district court never had subject matter jurisdiction over it, *id.* at 467, but it vacated the district court's order remanding the case filed in federal court because, "while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court, even though the two cases have been consolidated for purposes of convenience and administration." *Id.* at 467–68; *see also Mims*, 565 U.S. at 747 ("Federal courts . . . in the main, 'have no more right to decline the exercise of jurisdiction which is given, then to usurp that which is not given.'") (internal citations omitted).

Accordingly, while the Court has discretion to remand the *Gaynor* and *Goldberg* cases, it may not remand the *Hull* case because the *Hull* plaintiffs filed in federal court. The Court notes that it has subject-matter jurisdiction over the *Hull* case for the reasons

discussed above. *See supra* p. 9–12. The Court will vacate the order to consolidate [Doc. 84], remand *Gaynor* and *Goldberg*, and retain the *Hull* suit.[15]

## III. Conclusion

Having considered plaintiffs' renewed motion to remand [Doc. 255] in light of the Supreme Court's ruling in *Cyan*, the Court finds that removal to federal court of the *Gaynor* and *Goldberg* cases was improper and that plaintiffs have not waived their right to remand. However, the Court may not remand the *Hull* suit because it was filed in federal court. Accordingly, the order to consolidate [Doc. 84] is **VACATED**, and the Court retains jurisdiction over *Hull*, 3:16-cv-232, thus **DENYING in part** the motion to remand [Doc. 155]. The motion to remand is **GRANTED in part**, in that the removed suits, *Gaynor*, 3:15-cv-545, and *Goldberg*, 3:15-cv-546, are **REMANDED** to Morgan County Circuit Court.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

15. *Cf. King v. Gaffney*, No. 4:19-464, 2019 WL 5598321, at *4 (W.D. Mo. Oct. 30, 2019) (vacating order of consolidation, where court had consolidated case filed in federal court with removed case, after recognizing lack of subject-matter jurisdiction to hear the removed case).